IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN RIVERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-0097 |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | Hon. Dabney Friedrich |
| PROTECTION AGENCY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**UNOPPOSED MOTION FOR ABEYANCE**

Defendants U.S. Environmental Protection Agency *et al.* ("EPA"), with the agreement of Plaintiffs, hereby request that the Court place this case in abeyance for 120 days while EPA reviews the letter at issue in this case for consistency with the President's Executive Order on "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," published at 86 Fed. Reg. 7,037 (Jan. 25, 2021) ("Health and Environment EO"). Counsel for EPA has conferred with the other parties, and is informed that Plaintiffs do not oppose this motion.

In further support of its motion, EPA states as follows:

1.  The Plaintiffs seek review of statements in a cover letter that transmitted EPA's technical comments on a draft supplemental environmental

impact statement being prepared by the U.S. Army Corps of Engineers for a proposed pumping project in the vicinity of Vicksburg, Mississippi known as the Yazoo Area Pump Project ("Letter").  Ex. A, Letter dated November 30, 2020, from Mary S. Walker, Administrator, EPA Region 4, to Col. Robert A. Hilliard, U.S. Army Corps of Engineers.

      2.      As the Court is aware, a new Administration took office on January 20, 2021. That same day, the President signed the Health and Environment EO. The order establishes a policy

> to listen to the science; to improve public health and protect our environment; to ensure access to clean air and water; to limit exposure to dangerous chemicals and pesticides; to hold polluters accountable, including those who disproportionately harm communities of color and low-income communities; to reduce greenhouse gas emissions; to bolster resilience to the impacts of climate change; to restore and expand our national treasures and monuments; and to prioritize both environmental justice and the creation of the well-paying union jobs necessary to deliver on these goals.

86 Fed. Reg. 7,037. To that end, the order directs federal agencies to "immediately review" and, as appropriate, address actions from the last four years that conflict with that policy.  *Id.*

      3.      Consistent with the Health and Environment EO, EPA needs time to review the Letter with incoming administration officials and decide whether any further actionis warranted.  EPA anticipates that that review can be concluded within 120 days.

4. Abeyance is warranted here because courts have long recognized that agencies have inherent authority to review their past decisions. *See, e.g.*, *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations.")

5. Abeyance would also preserve resources both for the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all the disputed issues.

6. No party would be prejudiced by an abeyance. No schedule has been established, and Plaintiffs support an abeyance. While a third party has moved to intervene, that motion is best held in abeyance while EPA devotes its limited time and resources to completing the review that may obviate the need for further proceedings. For the same reason, the other parties' and the Court's time and resources also would be best conserved by holding this case, including the pending motion to intervene, in abeyance for 120 days.

7. If, as the new administration continues to assess the Letter, the Agency decides to revise or reconsider the Letter, EPA will notify the Court immediately.

For the foregoing reasons, EPA respectfully requests that the Court hold this matter in abeyance for 120 days. Thirty days after the abeyance concludes, EPA proposes that the parties file a proposed order to govern.

Dated:  March 12, 2021          Respectfully submitted,

                                */s/ Heather E. Gange*
                                HEATHER E. GANGE
                                D.C. Bar No. 452615
                                Environmental Defense Section
                                U.S. Department of Justice
                                P.O. Box 7611
                                Washington, DC 20044
                                (202) 514-4206

                                *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Heather E. Gange<br>
Heather E. Gange